IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IAN RENFRO, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| ILLINOIS STATE TROOPERS BRADLEY, | ) | |
| Star No. 6932, and UNKNOWN ILLINOIS | ) | |
| STATE TROOPERS | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Ian Renfro, by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants, Illinois State Police Officers K. Bradley, Star No. 6931, and Unknown State of Illinois Law Enforcement Personnel, stating as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

### PARTIES

3. Plaintiff, Ian Renfro ("Ian" or "Mr. Renfro"), is a male black citizen of the United States of America, who currently resides in Wisconsin.

4. Defendant Illinois State Police Officer, K. Bradley, was at the time of this occurrence a duly licensed Illinois State Police Officer. He engaged in the conduct complained of while on duty in the course and scope of their employment and under the color of law. He is sued in his individual capacity.

5. Defendants, Unknown Illinois State Police Officers were at the time of this occurrence duly licensed Illinois State Police Officers. They engaged in the conduct complained of while on duty and in the course and scope of his employment and under color of law. They are sued in their individual capacity.

## BACKGROUND

6. On March 3, 2024, at approximately 3:00 am, Ian Renfro was sleeping in his car in the Lincoln Oasis parking lot on Interstate 294, in Cook County Illinois.

7. Illinois State Trooper, Defendant Bradley upon seeing Mr. Renfro in his vehicle, without permission, opened the driver's side door to Mr. Renfro's vehicle.

8. Defendant Bradley reached inside Mr. Renfro's car and took his keys.

9. Defendant Bradley then woke Mr. Renfro up.

10. Defendant Bradley asked Mr. Renfro if he was okay, and he responded "yes".

11. Defendant Bradley told Mr. Renfro that he was investigating auto thefts.

12. Defendant Bradley asked Mr. Renfro if he had been drinking. Mr. Renfro politely replied that he had one drink two hours ago, was no longer driving for the night, and was sleeping at the rest stop until morning.

13. Defendant Bradley asked Mr. Renfro for identification.

14. When Mr. Renfro reached for his ID, Defendant Bradley asked him what he was looking for.

15. Mr. Renfro said that he was reaching for his identification, which he then gave to Defendant Bradley.

16. Defendant Bradley then asked him to get out of his car.

17. Defendant Bradley then patted Mr. Renfro down.

18. Mr. Renfro continued to politely explain what he was doing and what he intended to do for the rest of the night.

19. Defendant Bradley continued talking about thefts in the area.

20. Mr. Renfro said that the Mercedes Benz, Model C300, was his.

21. Defendant Bradley, then told Mr. Renfro that he appeared intoxicated and smelled of alcohol.

22. Mr. Renfro was not intoxicated nor did he smell of alcohol.

23. Defendant Bradley asked Mr. Renfro to participate in a roadside sobriety test and to take a breathalyzer.

24. Mr. Renfro distrusted Defendant Bradley after the manner in which Bradley had entered his car, how Bradley continued to look inside his car, and because Bradley falsely claimed that Mr. Renfro was intoxicated.

25. Mr. Renfro politely declined.

26. Defendant Bradley asked Mr. Renfro to turn around, and Mr. Renfro complied.

27. Video shows that Mr. Renfro's speech is not slurred and that his movements do not show evidence of intoxication.

28. Defendant Bradley then handcuffed Mr. Renfro and put him in his squad car.

29. Defendant Bradley immediately searched Mr. Renfro's entire car, without seeking warrant or permission.

30. Again without warrant, lawful justification, or permission, Defendant Bradley opened the trunk, and searched closed luggage and bags.

31. During this search, an Unknown Illinois State Trooper arrived and also participated in the unlawful searches.

32. The searches lasted approximately 15 minutes.

33. After the initial search revealed no contraband, Defendant Bradley took a cup with red bull from the console.

34. Defendant Bradley falsely declared that the energy drink was alcohol and poured the contents of the cup onto the ground.

35. Throughout the entire incident Mr. Renfro is seen on video walking normally and asking intelligent questions.

36. Police dashboard camera then shows Defendant Bradley proceed onto the highway and immediately cross four lanes without signaling.

37. Then Defendant Bradley drove onto the highway's median and performed an illegal "U turn" with Mr. Renfro in the car.

38. Defendant Bradley drove for approximately fifteen minutes, taking Mr. Renfro to the Alsip station.

39. In the squad car, audio recording shows Mr. Renfro having clear, coherent conversation and asking why he was being treated like a suspected car thief.

40. Rather than allow Mr. Renfro to leave after it was clear that he was not in possession of a stolen vehicle, Bradley completed a false police report and had Mr. Renfro charged with a DUI.

41. Defendant Bradley's report falsely claimed that he smelled the strong odor of

alcohol on Mr. Renfro's breath, that the energy drink was an open alcoholic beverage in his vehicle, that Mr. Renfro's eyes were bloodshot and glassy, and that Mr. Renfro had slurred speech.

42. Defendant Bradley's report failed to indicate that he poured out the supposed evidence of alcohol use, Red Bull in a cup, onto the ground.

43. Defendant Bradleys' report also falsely claimed, that Mr. Renfro was swaying, that his walking and turning were unsure, and that his attitude was cocky and talkative.

44. Video and audio refute these claims.

45. Rather than admit fault, Defendants did not release Mr. Renfro's car.

46. Defendant Bradely created a false vehicle forfeiture report which indicated the Mr. Renfro claimed that the vehicle was not his and also falsely claimed that Mr. Renfro's house keys were not on the same key ring as his house keys.

47. Defendants never released the vehicle to Mr. Renfro.

48. Defendants unlawfully caused Mr. Renfro to be held in custody and processed before he was eventually released.

49. Defendants knowingly and unlawfully caused Mr. Renfro to be charged with aggravated DUI and allowed the prosecution to proceed in order to protect themselves.

50. The aggravated DUI charge, was predicated on Mr. Renfro driving on a suspended Illinois license.

51. Mr. Renfro was driving on a valid Wisconsin driver's license.

52. On December 3, 2025, all charges against Mr. Renfro were dismissed.

53. As a direct result of the Defendants' conduct, Mr. Renfro suffered emotional and monetary damages.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment – Seizure

54. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

55. As described in the preceding paragraphs, the conduct of the Defendants, acting under color of law, constituted an unreasonable seizure in violation of Plaintiff's rights.

56. The seizures of Plaintiff's property as detailed above, performed willfully and wantonly by the defendants, were in violation of Plaintiff's right to be free of unreasonable seizures in violation of the Fourth Amendment to the Constitution.

57. As a proximate result of the aforementioned Fourth Amendment violations, Plaintiff was injured, including by the taking of his property. In addition, the violations proximately caused Plaintiff financial loss and emotional distress.

### Count II – 42 U.S.C. § 1983
### Fourth Amendment – Illegal Search

58. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

59. As described in the preceding paragraphs, the conduct of the Defendants, acting under color of law, constituted an unreasonable entry of Plaintiff's car and the illegal search of his trunk, including closed bags and containers.

60. The search of Plaintiff's property as detailed above, performed willfully and wantonly by the defendants, was in violation of Plaintiff's right to be free of unreasonable searches in violation of the Fourth Amendment to the Constitution.

61. As a proximate result of the aforementioned Fourth Amendment violations, Plaintiff was injured, including by the taking of his property. In addition, the violations proximately caused Plaintiff financial loss and emotional distress.

### Count III – 42 U.S.C. § 1983
### Fourteenth Amendment – Due Process

62. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

63. The actions of Defendants in officers in seizing and keeping of the property of Plaintiff denied Plaintiff his Right to Due Process, as guaranteed by the Fourteenth Amendment to the United States Constitution.

64. As a direct and proximate result of the aforementioned Due Process violation, Plaintiff was injured, including by the taking of his property.

### Count IV – 42 U.S.C. § 1983
### Malicious Prosecution

65. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

66. As more fully stated above, Defendant Bradley caused criminal proceedings against Plaintiff to commence with malice, for reasons other than bringing him to justice, and without having probable cause to commence a prosecution.

67. Plaintiff was deprived of liberty until he was able to bond out of custody.

68. The case was ultimately terminated in Plaintiff's favor by *nolle prosequi*.

69. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered injury, including but not limited to loss of freedom, emotional injury, and economic damages.

### Count V – Illinois State Law Claim
### Malicious Prosecution

70. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

71. As stated above, Defendant Bradley caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

72. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence, terminated the prosecution in Plaintiff's favor.

73. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered injury, including but not limited to loss of freedom, emotional injury, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorneys for Plaintiff

Christopher Smith
Christopher Smith Trial Group, LLC
One North LaSalle, Suite 3040
Illinois State Trooper, IL 60602
312.432.0400